UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD LOPEZ, *et al*, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-04-659 |
| | § | |
| ALLSTATE TEXAS LLOYDS, *et al*, | § | |
| | § | |
|     Defendant. | § | |

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

Defendant Allstate Texas Lloyds' ("Allstate's) motion for reconsideration of the District Court's oral order permitting plaintiff to take the deposition of Allstate's Texas Claim Field Director Denise Schaefer and for protective order (D.E. 62) was referred to the undersigned United States Magistrate Judge for hearing and determination (D.E.63). A hearing was held December 1, 2005, and supplemental briefs were filed (D.E. 66, 67). After due consideration, the motion is denied.

### JURISDICTION

Defendants removed this case from the 79th District Court of Jim Wells County, Texas, alleging diversity of citizenship. 28 U.S.C. §§ 1332, 1441.

### BACKGROUND

Plaintiffs seek compensatory and punitive damages for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act arising out of Allstate's failure to cover mold and water

damage to their home pursuant to their homeowner's insurance policy.  Plaintiffs seek to depose Denise Schaefer, who is employed by Allstate as the Claim Field Director for Texas (D.E. 62, Aff. of D. Schaefer).  Ms. Schaefer did not make any of the decisions on plaintiff's claims and did not review any of the decisions made by Allstate's claims handlers (*Id.*).  It is undisputed that Ms. Schaefer has no knowledge of the facts related to plaintiffs' particular claims.

According to plaintiffs, Ms. Schaefer's deposition is sought because she was personally involved in the investigation and response to complaints, similar to those alleged by plaintiffs, made about Allstate to the Texas Department of Insurance.  Plaintiffs also allege that Ms. Schaefer, as the chief claims officer for the state of Texas, is responsible for training and overseeing claims adjusters and the claim process for Allstate in the state of Texas.  Further, it is alleged that she has knowledge of Allstate's implementation of a process, described as a core claims process redesign, which changed the manner in which Allstate approached the payment of homeowner's claims.  Plaintiffs allege that Ms. Schaefer has knowledge of this changed approach to the payment of claims, which includes a pattern and practice of Allstate to low pay, slow pay, or no pay on claims where Allstate is clearly aware of its duty to pay a claim.  Finally, plaintiffs allege that Ms. Schaefer will testify to her knowledge of Allstate's budget for the claims process, and that claims adjusters are evaluated by Allstate in a manner which provides incentives to low pay or slow pay.  Allstate counters that none of the information sought by Ms. Schaefer is relevant to the claims raised by plaintiffs.

## **APPLICABLE LAW AND DISCUSSION**

The Federal Rules of Civil Procedure permit a party to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  For good cause, the court may order discovery of any matter relevant to the subject

matter involved in the action. *Id.* Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Discovery may be limited if it is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2). A protective order may be entered to protect a party or person from annoyance, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

Plaintiffs argue that Ms. Schaefer's testimony is relevant to their claim of "institutional bad faith" which is relevant to the issue of punitive damages only. In order to recover punitive damages for a breach of the duty of good faith and fair dealing, the plaintiff must demonstrate the same elements that permit a recovery of punitive or exemplary damages in other tort actions: that the insurance company's conduct was intentional, malicious, fraudulent, or grossly negligent. *Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 215 (Tex. 1988); *Aenta Cas. & Sur. Co. v. Garza*, 906 S.W. 2d 543, 554 (Civ. App.--San Antonio 1995, writ dism'd by agr.).

If Ms. Schaefer can testify as the plaintiffs describe, her testimony may be relevant to the issue of punitive damages. Evidence of repeated misconduct of a similar type is more reprehensible that an individual instance of malfeasance, making it relevant to the issue of punitive damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513, 1523 (2003) (citing *BMW of North America v. Gore*, 517 U.S. 559, 577, 116 S.Ct. 1589, 1599 (1996)). "[I]nformation concerning other instances of misconduct may also be relevant on the issue of punitive damages in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent." *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Calif. 1993). *See also Salmeron v. Highlands Ford Sales, Inc.*, 220 F.R.D. 667, 670 (D.N.M. 2003) (with respect to punitive damages, plaintiff must produce evidence of similar

misconduct to show malice, citing *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 113 S.Ct. 2711, 2722 (1993)); *Scaife v. Boenne*, 191 F.R.D. 590, 595 (N.D. Indiana 2000) (in § 1983 lawsuit, past misconduct of the defendant/officer relevant to the issue of punitive damages); *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 46 (Tex. 1998) (punitive damages award justified in light of the number of persons harmed, the duration of the company's conduct, its awareness and concealment of danger, and the existence and frequency of similar conduct in the past); *State Farm Mut. Auto. Ins. Co.,* 824 S.W.2d 747, 753-54 (Tex.App.--Houston [1st Dist.] 1992) (permitting discovery on the issue of punitive damages, in a personal injury case, of how State Farm claims personnel are instructed to handle claims, the nature and extent of investigation they are required to make before they terminate benefits, and the guidelines they have been given regarding which doctors to use for exams); *Hawthorne Land Co. v. Occidental Chem. Corp.,* Civ. A. 01-0881, 2002 WL 1976931 (E.D. La.) (unpublished) (in suit against lessee for failure to clean leaked chemicals, leaks from other pipelines relevant to the issue of punitive damages).

      Allstate failed to address the issue of whether the deposition testimony sought by plaintiffs is relevant to punitive damages.  Allstate argues only that plaintiffs should first be required to depose the claims adjusters and the corporate representative in the case, and only if their depositions demonstrate a need to depose other corporate personnel should Ms. Schaefer be deposed.   But plaintiffs are not required to make a prima facie showing of entitlement to punitive damages before discovery related to such damages is permitted.  *Caruso v. Coleman Co.,* 157 F.R.D. 344, 348 (E.D. Penn. 1994) (citations omitted).  Because Ms. Schaefer purportedly responded to similar complaints to the Texas Department of Insurance, and because

she is the chief claims officer for the state of Texas with knowledge of Allstate's claims process, plaintiffs have met their burden to show that her testimony is relevant and discoverable.

Accordingly, Allstate's motion to reconsider the order to produce Denise Schaefer for a deposition and for a protective order (D.E. 62) is denied.

ORDERED this 22nd day of December, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE